UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

|  |  |
|---|---|
| ROBERT D. SANGO, # 252200, ) | |
| Plaintiff, ) | Case No. 1:14-cv-345 |
| v. ) | Honorable Paul L. Maloney |
| R. AULT, et al., ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |

This is a civil rights action brought by a *pro se* plaintiff under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement in January 2014 at the Ionia Maximum Correctional Facility (ICF). The defendants are Assistant Resident Unit Supervisor (ARUS) R. Ault and Corrections Officers (Unknown) Schafer and (Unknown) Tester.[1] Plaintiff alleges that on January 14, 2014, Officer Schafer violated his Eighth Amendment rights by putting excrement in plaintiff's food. Plaintiff alleges that on January 26, 2014, Officer Tester violated his Eighth Amendment rights by putting semen in his food. Plaintiff alleges that after he filed his complaint in *Sango v. Huss, et al.*, 1:14-cv-2 (W.D. Mich.),[2] defendant Ault retaliated against him in January 2014 in violation of his First Amendment rights by telling staff not to feed him.

---

[1] All other claims were dismissed on April 30, 2014. (docket #s 24, 25).

[2] Case No. 1:14-cv-2 was never served on any defendant because it was dismissed on initial screening for failure to state a claim. On March 13, 2015, the United States Court of Appeals for the Sixth Circuit affirmed this court's judgment. *Sango v. Huss, et al,*, No. 14-1812 (6th Cir. Mar. 13, 2015).

The matter is before the court on plaintiff's motions for a TRO.  (docket #s 50, 52, 56). Plaintiff seeks a TRO regarding the handling of his mail, food, cell searches, etc., and an order directing that he be transferred to another prison.

### Discussion

A temporary restraining order is an extraordinary remedy.  *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* FED. R. CIV. P. 65.  Because it is an extraordinary remedy, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  The four factors this court is to consider on motions for a TRO are well-established.  *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008); *Sango v. Waldey*, 1:14-cv-703, 2014 WL 3894652, at * 2 (W.D. Mich. Aug. 8, 2014).

Plaintiff misperceives the purpose of a TRO.  It is not designed to protect him from every inconvenience he encounters during his incarceration.  The purpose of such relief "is simply to preserve the status quo."  *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).  The availability of a TRO is inextricably intertwined with the merits of the underlying claim.  For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims.  *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011).  Hence, a party seeking a TRO must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint.  *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010).  A motion for a TRO is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable.  Plaintiff's motions are

unrelated to any underlying claim pending in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (same).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims. Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motions for a TRO (docket #s 50, 52, 56) be denied.

Dated: April 21, 2015   /s/ Phillip J. Green
United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).